IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. WASHINGTON,

        Plaintiff,      :    Case No. 3-21-cv-268

 - vs -                          District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

COMMUNITY SERVICES REAL
 ESTATE, LLC., et al.,[1]

                                :
        Defendants.

## REPORT AND RECOMMENDATION

This civil action, brought *pro se* by Plaintiff James E. Washington under The Klu Klux Klan Act of 1871, is before the Court on the Motion of Defendant Community Services Real Estate, LLC, to Dismiss the Complaint as to it under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted (ECF No. 3).

As an action filed *pro se* prior to February 1, 2022, the case was referred to United States Magistrate Judge Peter B. Silvain, Jr., under Amended General Order Day 22-01.  The reference was transferred to the undersigned on March 7, 2022, to help balance the Magistrate Judge workload in the District (ECF No. 5).  A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is a dispositive motion on which an assigned Magistrate Judge must provide a report and recommendation.  Such motions are expressly referred in the referenced General Order.

---

[1] This Defendant is listed in the Complaint as "Community Savers Real Estate Services, LLC."

1

In the Complaint Plaintiff avers that subject matter jurisdiction is based on the case's arising under federal law (28 U.S.C. § 1331) and particularly the Civil Rights Act of 1871, also known as the Ku Klux Klan Act (ECF No. 2, PageID 24). Defendant avers that the two sections of that Act that provide for private rights of action are now codified at 42 U.S.C. §§ 1983 and 1985. Because Plaintiff does not specify one or the other of these, the Court must analyze the Complaint under both.

**General Standard for Rule 12(b)(6)**

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been re-stated by the Supreme Court as follows:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true,

2

> we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *citing League of United Latin Am. Citizens. v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(stating allegations in a complaint "must do more than create speculative or suspicion of a legally cognizable cause of action; they must show entitlement to relief"); *see further Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009), *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046 (6th Cir. 2011) (holding a plaintiff is not entitled to discovery to obtain the necessary plausible facts to plead).

Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. ...

3

> The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811, 113 S. Ct. 2891, 125 L. Ed. 2d 612 (1993)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In addition, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a … complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Columbia Natural Resources, Inc. v. Tatum,* 58 F. 3d 1101 (6th Cir. 1995), cert. denied, 516 U.S. 1158, 116 S. Ct. 1041, 134 L. Ed. 2d 189 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*.; see also Wright & Miller, supra, §1357.

> Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004). They must do something more than merely create a suspicion of a legally cognizable right. *Id.*. Finally, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Id.*. at 1964-65 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

*Gex v. Toys "R" Us*, 2007 U.S. Dist. LEXIS 73495, *3-*5(S.D. Ohio, Oct. 2, 2007)(Rose, J.)

4

**42 U.S.C. § 1983**

42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  *Wyatt v. Cole,* 504 U.S. 158 (1992).  In order to be granted relief,  a plaintiff must establish that the defendant deprived him of a right secured by the U.S.  Constitution and the laws of the United States and that the deprivation occurred under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Plaintiff's Complaint does not state a cause of action arising under 42 U.S.C. § 1983.  He

does not claim directly that either of the Defendants was acting under color of state law, nor does the Complaint make such an averment inferentially. It does not satisfy the state action requirement under § 1983 that some of the Defendant's actions resulted in deeds which had to be recorded with the County Recorder. See *Shelly v. Kraemer*, 334 U.S. 1, 13 (1948)(the "[Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful.").

Insofar as the Complaint purports to state a claim for relief under § 1983, it is insufficient and should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**42 U.S.C. § 1985**

42 U.S.C. § 1985 (3), **Depriving persons of rights or privileges**, provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

6

To prevail on a § 1985(3) claim, one must prove "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005), *quoting Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2001) (*quoting United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)); *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

To be actionable under 42 U.S.C. § 1985, a conspiracy must be based on some racial "or perhaps otherwise class-based, invidiously discriminatory animus." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993); *Griffin v. Breckenridge,* 403 U.S. 88 (1971); *Macko v. Bryon*, 641 F.2d 447 (6th Cir. 1981). A class protected by § 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender. *Haverstick Enterprises v. Financial Federal Credit*, 32 F.3d 989 (6th Cir. 1994), *citing Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992).

Defendant alleges the Compliant fails to meet this standard because:

> There are two obvious issues with Plaintiff's proposed Complaint. First, Plaintiff's allegations regarding a conspiracy are vague and conclusory. Its unclear what exactly the conspiracy is, who is in involved, how it occurs, and what harm results. Further, Plaintiff in no way shape or form explains how Defendants alleged actions constitute a deprivation of equal protection of the laws. Plaintiff does not allege a specific harm at all, much less a harm that deprives him of equal protection. Under Section 1985, Plaintiff must not just allege some injury, but specifically a violation of Plaintiff's rights under equal protection. Plaintiff does not allege any equal protection violation.

(Motion, ECF No. 3, PageID 37).

For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *Westlake v. Lucas,* 537 F.2d 857 (6th Cir. 1976); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). Plaintiff is proceeding *pro se* in this case and *pro se* litigants are entitled to a liberal construction of their pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Liberally construed the Complaint alleges that the Defendants have conspired to obtain title to real estate situated in west Dayton by forging the signatures of purported sellers of such real estate on quitclaim deeds. Certainly the Court may take judicial notice under Fed. R. Evid. 201 that west Dayton and particularly Madden Hills and zipcode 45417 are historically African-American neighborhoods. The allegation that Defendants have on at least one occasion used a forged quitclaim deed to effect the object of the conspiracy satisfies the overt act element of the standard.

A substantial object of the Framers of the Fourteenth Amendment was to ensure that African-Americans would enjoy the same civil rights as white citizens, including the right to own real property. See Eric Foner, THE SECOND FOUNDING: HOW THE CIVIL WAR AND RECONSTRUCTION REMADE THE CONSTITUTION (2017). The Complaint avers the Defendants have specifically targeted African-Americans, including Plaintiff, and have engaged in acts to interfere with their equal rights to own property.

The Magistrate Judge concludes Plaintiff has adequately pleaded a claim for relief under 42 U.S.C. § 1985 and recommends that, as to that claim, the Motion to Dismiss be denied.

**Conclusion**

The Motion to Dismiss should be granted as to Plaintiff's claims under 42 U.S.C. § 1983 and denied as to his claims under 42 U.S.C. § 1985.

March 7, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #