IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. WASHINGTON,

        Plaintiff,       :    Case No. 3-21-cv-268

  - vs -                          District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

COMMUNITY SERVICES REAL
 ESTATE, LLC., et al.,

                                          :

        Defendants.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

       This civil action, brought *pro se* by Plaintiff James E. Washington under The Klu Klux Klan Act of 1871, is before the Court on Objections by both the Plaintiff (ECF No. 7) and the Defendant (ECF No. 8) to the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 6).  District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 9).

       In the original Report, the Magistrate Judge analyzed the Complaint as raising or attempting to raise claims arising under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (ECF No. 6, PageID 49).  The Report concluded the § 1983 claim should be dismissed because the Complaint did not alleged Defendants acted under color of state law, but that the § 1985 claim could continue because it alleged a conspiracy to deprive Plaintiff of his civil rights.  Plaintiff objects to both conclusions; Defendant objects as to the § 1985 claim.

**Claim under 42 U.S.C. § 1983**

Although Plaintiff objects to dismissal of his claim under 42 U.S.C. § 1983, he presents no evidence or allegation that any of the Defendants was acting under color of state law. Rather his claims are that Defendants transfer documents regarding the properties in suit are "faked" or forgeries.

A private person may act under color of state law if he is a willful participant in a joint activity with the State or its agents. *United States v. Price*, 383 U.S. 787, 794 (1966). There must be a sufficiently close nexus between the state and the conduct challenged so that defendant is treated as a state actor and defendant's act is treated that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), *quoting Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974); *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982). But the "[Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721(1961), *quoting Shelly v. Kraemer*, 334 U.S. 1, 13 (1948).

Because the Complaint does not allege sufficient involvement of the State in Defendant's acts, it should be dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

**Claim under 42 U.S.C. § 1985**

Liberally construed as required when dealing with *pro se* pleadings, the Report found the Complaint alleges that the Defendants have conspired to obtain title to real estate situated in west

Dayton by forging the signatures of purported sellers, including Plaintiff, of such real estate on quitclaim deeds.

Defendant objects. It correctly states review of the Report is to be *de novo* because its Motion to Dismiss was a dispositive motion (ECF No. 8, PageID 66). It states the following as the requirements for proving a case under 42 U.S.C. § 1985:

> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) and an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

(Objections, ECF No. 8, PageID 68, quoting *McGuire v. Lewis*, 1:12-cv-986[1]).

The Report applied exactly the same standard, citing more recent published precedent of the Sixth Circuit:

> To prevail on a § 1985(3) claim, one must prove "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'"

(Report, ECF No. 6, PageID 54, citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005)), quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2001) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)); and *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

The Report found that Plaintiff had sufficiently alleged an act in furtherance of its conspiracy by alleging various quitclaim deeds were forged. Defendant objects that

---

[1] Note that the citation does not tell this Court which order in the *McGuire* case contains the quoted language. It is to be found at ECF No. 19, PageID 122 and is a verbatim quotation from *Smith v. Thornburg,* 136 F. 3d 1070, 1078 (6th Cir. 1998).

3

> at no point does Plaintiff utilize the term "forgery," or "signing" or "wrongfully signing" or any synonym. Plaintiff in fact does not allege any specific acts of Defendant, other than vague allegations that Defendants "prey upon Real Estate Properties" or engage in "underhanded" activities.

(Objections, ECF No. 8. PageID 68-69). However, Plaintiff has attached to the Complaint a number of documents he alleges have used to transfer real property claimed by him to have been inherited from his mother and asserts he has not signed any of them. Thus instead of using the word "forgery," Plaintiff has attached examples. He further asserts targeting of persons in West Dayton, satisfying the required equal protection element. He certainly has alleged harm: deprivation of the value of two pieces of real estate.

Fed.R.Civ.P. 10(d) provides in pertinent part "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Under Rule 10(d), the Court should consider the attachments to the Complaint containing purportedly forged instruments as part of the Complaint. Combining the Complaint and the attachments, the Complaint states a claim for relief under 42 U.S.C. § 1885(3). Defendant's Objections should be overruled.

March 28, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a

memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.