# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES E. WASHINGTON,

               Plaintiff,            :    Case No. 3-21-cv-268

   - vs -                           District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

COMMUNITY SERVICES REAL
 ESTATE, LLC., et al.,

                                  :
               Defendants.

---

## REPORT AND RECOMMENDATION

---

       This civil action, brought *pro se* by Plaintiff James E. Washington under The Klu Klux

Klan Act of 1871, is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 17).

A motion for summary judgment is classified as dispositive by Fed.R.Civ.P. 72 and thus requires

a recommended disposition by an assigned Magistrate Judge.

       Fed.R.Civ.P. 56 provides in pertinent part

> (a) Motion for Summary Judgment or Partial Summary Judgment.
> A party may move for summary judgment, identifying each claim
> or defense — or the part of each claim or defense — on which
> summary judgment is sought. The court shall grant summary
> judgment if the movant shows that there is no genuine dispute as to
> any material fact and the movant is entitled to judgment as a matter
> of law. The court should state on the record the reasons for granting
> or denying the motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970); <u>*Bethel v. Jenkins,*</u> 988 F.3d 931*9-10 (6th Cir.  2021), citing *Rafferty v. Trumbull County,* 915 F.3d 1087, 1093 (6th Cir. 2019). All reasonable inferences will be drawn in favor of the non-moving party. *Bethel*, citing *Mutchler v. Dunlap Mem'l Hosp.*, 485 F.3d 854, 857 (6th Cir. 2007).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original).  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50).  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*.  The opposing party must "do more than simply show that there is some metaphysical doubt as to the

2

material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-250 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992),*quoting Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F.3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249.

> The moving party

> > [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Alexander v. Caresource,* 576 F.3d 551 (6th Cir. 2009), *citing Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). If the moving party meets this burden, the nonmoving party must go

3

beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F.2d 606 (6ᵗʰ Cir. 1992).

Upon examination, Plaintiff's summary judgment motion is completely unsupported by reference to any admissible evidence of record. Moreover, it contains assertions of fact which are untrue: Defendant Community Services is not in default but has answered the Complaint (ECF No. 14); Defendant Latria Robison has not yet been served with process and thus cannot be in default.[1]

A motion for summary judgment must be supported by admissible evidence, and no evidence at all has been submitted in support of this Motion. Plaintiff's Motion for Summary Judgment should therefore be denied.

May 6, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

---

[1] Alternatively, it may be the case that Defendant Robinson has been served and the Marshal has not yet filed proof of service.

4